UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v. Case No. 8:22-cr-00154-JLB-CPT-1

PAVEL ROHEL,
_______________________________________/

**ORDER**

The Magistrate Judge has entered a Report and Recommendation (Doc. 182), recommending that the Court deny Defendant Pavel Rohel's ("Rohel") First Motion to Dismiss (Doc. 82), deny Rohel's Motion to Suppress (Doc. 85), and grant Rohel's Amended Motion to Dismiss (Doc. 119) in part to the extent that the government agrees to redact the end date of the conspiracy, i.e., "November 2019," but that the Court deny the motion (Doc. 119) in all other respects. Rohel filed an objection (Doc. 185).

A district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

Here, after an independent review of the entire record, the Court finds that the thorough and well-reasoned Report and Recommendation is due to be adopted. Because Rohel categorizes his objections by motion, the Court will follow the same structure in its discussion.

## I. Rohel's Motion to Dismiss (Doc. 82)

First, Rohel objects to the Magistrate Judge's recommendation concerning the constitutionality of the charging statute as applied to him. (Doc. 185 at 2). Rohel makes this objection to preserve his argument for appeal, but he recognizes that the Court is bound to follow the Eleventh Circuit's decision in *United States v. Rivera*, 183 F.4th 1313, 1324–27 (11th Cir. 2026). (Doc. 185 at 2). Accordingly, the Court overrules Plaintiff's objection for the reasons stated by the Magistrate Judge.

## II. Rohel's Motion to Suppress (Doc. 85)

Second, Rohel objects to the Magistrate Judge's recommendation that the Court deny his Motion to Suppress (Doc. 85) because he contends that "he was read two conflicting versions of his rights . . . and was not informed which rights were in effect during this interview."[1] (Doc. 185 at 4).

Rohel contends, pursuant to *Moran v. Burbine*, 475 U.S. 412, 421 (1986), that his waiver was not "voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception" and that it was not "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it" because his rights under both Czech and United States law were read to him in close proximity, which he suggests led to confusion over which rights he was waiving. (Doc. 185 at 7–10). Whether a

[1] Rohel asks the Court to modify the Magistrate Judge's finding of fact (Doc. 185 at 2–3), but the Court declines to make any modifications to the Magistrate Judge's findings in light of the Magistrate Judge's careful work in conducting an evidentiary hearing and recounting the record in his Report and Recommendation (Doc. 182).

valid waiver of *Miranda* rights was made is determined based on the totality of the circumstances. *Moran*, 475 U.S. at 421.

Here, as the Magistrate Judge correctly analyzed, the totality of the circumstances show that Rohel made a valid waiver of his *Miranda* rights. (*See* Doc. 182 at 15–35). The law enforcement officers adequately informed Rohel of his *Miranda* rights, and he waived those rights both verbally and in writing in the Czech language. (*See id.* at 8–9 (quoting Doc. 152-2 at 10–11)); *see also Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966). At no point during that process did Rohel express confusion about the nature and scope of the waiver he was signing or about the sets of Czech and United States rights of which the officers advised him. (Doc. 182 at 10, 30). Moreover, the environment in which Rohel made the waiver was relaxed and professional (Doc. 154 at 65, 70), and the Czech officials specifically stressed to Rohel the consequences of waiving his right to counsel and his right to remain silent (Doc. 152-2 at 11–12). The Court finds the officer's emphasis on Rohel's right to counsel particularly notable because Czech law does not offer such a right, while United States law does. (*See id.* at 10–12).

Rohel's objection emphasizes that his rights under Czech law differed from his rights under United States law, and he suggests that these differences could have created confusion about which rights applied during his interview. (Doc. 185 at 8). But Rohel cites no facts to suggest that he had any confusion about the rights he was waiving. (*See id.*). Simply stated, neither the temporal proximity of the explanations of his rights under Czech law and U.S. law nor the fact that Czech

officers explained those rights to Rohel yield a conclusion that Rohel was confused by the *Miranda* warning he received. As the Magistrate Judge concluded, the totality of the circumstances demonstrates that Rohel made a valid waiver of his *Miranda* rights.

Rohel seeks support from the Eleventh Circuit decision in *Hart v. Attorney General of the State of Florida*, 323 F.3d 884, 894–95 (11th Cir. 2003), but he does so in vain. In *Hart*, the Eleventh Circuit held that a *Miranda* warning was insufficient because the FBI agent who provided the warning to the interviewee presented the interviewee's right to counsel as a drawback and warned the interviewee that "honesty wouldn't hurt him" despite *Miranda*'s clear warning that it could. *Id.* Rohel argues that *Hart* supports his position because the Czech officers gave him apparently conflicting explanations of the rights to which he was entitled. (Doc. 185 at 9–10). However, the Czech officials specifically prefaced that their explanation was of "the U.S. law enforcement authorities['] instructions" and that only "[s]ome of it is the same[.]" (Doc. 152-2 at 10). And, as previously discussed, Rohel demonstrated no confusion about the rights he was waiving. (Doc.

182 at 10, 30). Thus, the totality of the circumstances shows that Rohel's waiver was valid, and his Motion to Suppress is properly denied.[2]

## III. Rohel's Amended Motion to Dismiss (Doc. 119)

Third, Rohel objects to the Magistrate Judge's recommendation that his Amended Motion to Dismiss (Doc. 119) be granted in part and denied in part because Rohel argues that the Magistrate Judge's recommendation regarding his *non bis in idem* and dual criminality arguments is erroneous. (Doc. 185 at 11–23).

Regarding Rohel's *non bis in idem* argument, the Court concludes that Rohel's objection is due to be overruled. While Rohel challenges the underlying merits of the German court's decision, Rohel does not challenge the principle derived from the Court of Justice of the European Union's decision in *HF v. Generalstaatsanwaltschaft München*, Case C-435/22 (Grand Chamber 2022), that the German court "alone ha[d] jurisdiction to rule on the facts . . . to determine whether the acts which are the subject of the extradition request at issue in the main proceedings are the same as those in respect of which final judgment ha[d] been passed by the" Czech courts. (Doc. 185 at 13–20); (Doc. 83-11 at ¶ 133). Thus, the German court's decision is owed deference by this Court due to comity concerns,

---

[2] Rohel's objection also attacks the Magistrate Judge's citations to several circuit court cases because Rohel argues that those cases are factually distinguishable from his situation. (Doc. 185 at 4–6). Even if that is so, Rohel fails to explain how those factual differences might recommend a result other than the one recommended by the Magistrate Judge (*see id.*), and the Magistrate Judge's citation to those cases was not the sole basis of his recommendation that Rohel's Motion to Suppress be denied because he further discussed how the totality of the circumstance showed that Rohel was apprised of his *Miranda* rights and voluntarily waived them. (Doc. 182 at 15–35).

as discussed by the Magistrate Judge (Doc. 182 at 36–41), because the German court was the only court able to decide the issue. (*See* Doc. 83-11 at ¶ 133). Deference is proper in cases such as this. *Garcia-Godos v. Warden*, 853 F. App'x 404, 407 (11th Cir. 2021) (per curiam). Therefore, Rohel's collateral challenges to the German court's decision fail, and his objection is overruled.

Rohel's dual criminality objection also fails. The Report and Recommendation concluded that Rohel's dual criminality argument was due to be rejected because Rohel's argument that the images at issue were not child pornography would be merely a mistake-of-law defense under German law. (Doc. 182 at 42). Rohel objects that this conclusion is incorrect, contending that he could not have been prosecuted under German law due to his prior prosecution under Czech law. (Doc. 185 at 21–23). Therefore, he suggests that a proper application of German law would result in a finding that extradition would violate the dual criminality requirement because a Czech court had already determined that his acts were not criminal under Czech law. (*Id.*). However, this argument misses the point. As the Magistrate Judge noted, dual criminality "mandates that a prisoner be extradited for conduct that constitutes a serious offense in both the *requesting* and *surrendering* country." *Gallo-Chamorro v. United States*, 233 F.3d 1298, 1306 (11th Cir. 2000) (emphasis added); (Doc. 182 at 42). Here, the requesting and surrendering countries were the United States and Germany. Thus, whether Rohel could actually have been prosecuted under German law because of his prior Czech prosecution is immaterial to the analysis because Germany's law, as the

surrendering country, controlled. *See Gallo-Chamorro*, 233 F.3d at 1306. Therefore, Rohel's objection is due to be denied.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation (Doc. 182) is **ADOPTED** and made a part of this Order for all purposes.
2. Defendant Pavel Rohel's Motion to Dismiss (Doc. 82) and Motion to Suppress (Doc. 85) are **DENIED**.
3. Defendant Pavel Rohel's Amended Motion to Dismiss (Doc. 119) is **GRANTED** in part to the extent that the government agrees to redact the end date of the conspiracy, *i.e.*, "November 2019," but **DENIED** in all other respects.

**ORDERED** in Tampa, Florida, on November 19, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE